Grant H. Lawson WSB #6-4260
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY 82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 FEB 20 AM 11: 15

MARGARET BOTKINS, CLERK
CASPER

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| DRAGI POPOVSKI and ZHANA POPOVSKI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TITAN TRANSFER INC., a Tennessee Corporation,) <br> HEC LEASING, LLC, a Tennessee Corporation, ) <br> and JUSTIN A. PARKER, a Tennessee Resident, ) <br> ) <br> Defendants. ) | CIVIL NO. 20-CV-27-SWS |

## COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their attorneys Grant H. Lawson and R. Todd Ingram of the Metier Law Firm, LLC, for their claims for relief against the Defendants Titan Transfer, Inc., HEC Leasing, LLC, and Justin Parker, state and allege as follows:

### PARTIES

1.  At all times relevant to the facts alleged in this Complaint, Plaintiffs were residents of the State of California. Plaintiffs are husband and wife.

Receipt # CAS002356
Summons: 3 issued
_____ not issued

1

2. Defendant Titan Transfer, Inc., ("Titan") is a trucking business that conducts truck driving operations throughout the United States, including the State of Wyoming, and is a Tennessee Corporation with its principal place of business in Shelbyville, Tennessee.

3. Upon information and belief, Defendant Titan and/or Defendant Parker lease the truck that was involved in the subject collision from HEC Leasing, LLC, the owner of the truck. HEC Leasing is the "sister company" of Defendant Titan.

4. Upon information and belief, Defendant Justin Parker ("Parker"), driver of the truck, was employed by Defendant Titan and was at all times a resident of Tennessee.

5. The motor vehicle collision which is the subject of this action occurred within the state of Wyoming.

6. At the time of the subject collision, Defendant Parker was driving Defendant Titan's truck in the course and scope of employment. In the alternative, Defendant Parker was driving within the scope of his authority as an agent of Defendant Titan.

7. Plaintiff was severely and permanently injured by the collision which occurred in Sweetwater County, Wyoming.

8. Under the doctrine of respondeat superior, Defendant Titan is vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the company, or within the scope of the duties of the employee, which were the direct and proximate cause of the injuries and damages the Plaintiffs incurred.

### JURISDICTION & VENUE

9. Plaintiffs incorporate by reference all statements contained in the numbered paragraphs above.

10. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court has both personal and subject matter jurisdiction.

11. Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Wyoming.

## GENERAL STATEMENTS OF FACT

12. Plaintiffs incorporate by reference all statements contained in the numbered paragraphs above.

13. On January 28, 2018, at approximately 6:25 p.m., Defendant Parker was driving a 2015 Freightliner westbound on I-80 in Sweetwater County, Wyoming. Parker contemplated passing Plaintiff's vehicle when he looked in his rearview mirror and saw another vehicle approaching him in the passing lane at a high rate of speed.

14. Defendant Parker appreciated the danger of attempting to pass in light of the fast-approaching vehicle and momentarily hesitated.

15. Defendant Parker, while weaving and approaching Plaintiff's vehicle at a high rate of speed, ultimately decided to make the lane change.

16. Defendant's action in making the lane change was knowing, voluntary and willful. Defendant's action was done in reckless disregard of the consequences and under such conditions that that a reasonable person would know, to a high degree of probability, that serious injury or death would occur in any collision.

17. When Defendant began changing lanes, he collided with the vehicle he had earlier seen approaching from behind, forcing that vehicle off the side of the road and into the median.

3

18. Defendant then swerved to the right, striking the Plaintiff's vehicle and forcing Plaintiff's vehicle off the side of the road and into a borrow ditch and through a right-of-way fence.

19. .Defendant Titan has a duty to adequately screen, hire, train, and supervise its drivers in a manner which ensures safety on public highways.

20. Defendant Titan approved of, and ratified, Defendant Parker's driving conduct.

21. Defendant Titan has (and at all times material had) a duty to ensure Defendant Parker was able to safely perform the duties for which he was responsible behind the wheel of a tractor-trailer.

22. At all times material hereto, Defendant Titan's driver was driving a commercial motor vehicle in interstate commerce and was subject to Wyoming traffic laws and trucking safety regulations, as well as the Federal Motor Carrier Safety Regulations.

23. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs suffered injuries, damages, and losses.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT TITAN

24. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further alleges as follows:

25. Defendant Titan, by and through the acts and omissions of Defendant Parker, its employee and/or agent, breached and violated the duty of reasonable care at the time and place of the events described herein, leading up to and including the collision.

26. Defendants owed a duty to the Plaintiff to properly use all safety protocols to insure proper and safe operation of the vehicle he was driving.

27. Such breaches and violations were the direct and proximate cause of Plaintiffs' damages, as more specifically detailed in the section of this Complaint entitled "DAMAGES." The acts and omissions constituting such violations and breaches include, but are not limited to, the following:

   a. Failure to exercise reasonable care under the circumstances, including but not limited to the failure to maintain control of the vehicle, failure to maintain a proper lookout, following too closely, excessive speed, and improper movement;

   b. Failure to exercise reasonable care in the operation and maintenance of Defendant's vehicle;

   c. Failure to comply with Wyoming Statutes, the FMCSA rules and regulations, and the rules of the road, which failure amounts to negligence under Wyoming law.

28. The acts and omissions of the Defendants were negligent, grossly negligent, reckless, willful, and wanton.

29. Defendant Titan is vicariously liable for the wrongful acts and omissions of Defendant Parker, its employee and/or agent.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT HEC

30. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further alleges as follows:

31. Federal regulations require a trucking company that leases a vehicle / driver to have exclusive possession, control and use of the subject vehicle.

32. Defendant HEC, by and through the acts and omissions of Defendant Parker, its employee and/or agent, breached and violated the duty of reasonable care at the time and place of the events described herein, leading up to and including the collision.

33. Defendants owed a duty to the Plaintiff to properly use all safety protocols to insure proper and safe operation of the vehicle he was driving.

34. Such breaches and violations were the direct and proximate cause of Plaintiffs' damages, as more specifically detailed in the section of this Complaint entitled "DAMAGES." The acts and omissions constituting such violations and breaches include, but are not limited to, the following:

a. Failure to exercise reasonable care under the circumstances, including but not limited to the failure to maintain control of the vehicle, failure to maintain a proper lookout, following too closely, excessive speed, and improper movement;

b. Failure to exercise reasonable care in the operation and maintenance of Defendant's vehicle;

c. Failure to comply with Wyoming Statutes, the FMCSA rules and regulations, and the rules of the road, which failure amounts to negligence under Wyoming law.

35. The acts and omissions of the Defendants were negligent, grossly negligent, reckless, willful, and wanton.

36. Defendant HEC is vicariously liable for the wrongful acts and omissions of Defendant Parker, its employee and/or agent.

### THIRD CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT PARKER

37. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further alleges as follows:

38. Defendant Parker is independently liable for his own acts and omissions.

39. To the extent Defendant Parker may have been driving on behalf of an unknown business entity at the time of the collision, this Complaint shall be construed as alleging a cause of action against such entity.

40. As a result of Defendant Parker's negligent acts and/or omissions Plaintiff was injured.

41. As described herein and above, Defendant Parker's actions were negligent, reckless, willful and wanton.

42. As a direct and proximate result of the acts and omissions of the Defendant as alleged herein, Plaintiff sustained serious and permanent personal injuries and economic losses, and suffered damages as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## DAMAGES

43. Plaintiffs allege and incorporate by reference herein all of the allegations contained in paragraphs above and further allege as follows.

44. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff was injured.

45. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff Dragi Popovski suffered severe physical injuries to, *inter alia*, his back and neck, and accompanying emotional and psychological injuries.

46. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff Zhana Popovski suffered loss of her husband's consortium, including but not limited to his care, comfort and society.

47. Plaintiffs are entitled to collect the following damages:

    (a) Pain, suffering and emotional distress, past and future;

    (b) Loss of earnings and earning capacity, past and future;

    (c) Loss of enjoyment of life, past and future;

    (d) Medical expenses, past and future, including the cost of care, which can reasonably be expected to be incurred in the future in an amount to be set forth at trial;

    (e) Loss of consortium;

    (f) Disability and disfigurement;

    (g) Exemplary damages because the Defendant acted in a reckless, willful, wanton manner.

    (h) Costs of this action and such other damages as are fair and just.

## JURY DEMAND

Plaintiffs hereby respectfully request a jury trial on all issues presented by the above Complaint.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against the Defendants in an amount as supported by the allegations of this Complaint, as follows:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment against the Defendants for punitive and exemplary damages in an amount sufficient to punish the Defendants and deter future reckless conduct and to be proven at trial.

4. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

5. All for such other and further relief as seems proper to the Court under the circumstances.

DATED this 19 day of February 2020.

Grant H. Lawson WSB #6-4260
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY 82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com