

**FILED**

*11:27 am, 4/30/21*

**U.S. Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

DRAGI POPOVSKI, and ZHANA
POPVOSKI,

    Plaintiffs,

  vs.

TITAN TRANSFER INC., a Tennessee
corporation, HEC LEASING LLC, a
Tennessee corporation, and JUSTIN A.
PARKER,

    Defendants.

Case No. 20-CV-27-S

## AMENDED ORDER ON INITIAL PRETRIAL CONFERENCE

On April 30, 2021, the Court held an informal telephonic conference to discuss the parties stipulated Motion to Vacate Trial Dates [Doc. 40] and to set a new trial schedule. Counsel participating were Grant Lawson and Tamara Crolla for the Plaintiffs, and Andrew Sears for Defendants. After hearing from the parties, the Court finds good cause for the request, the current trial dates and deadlines are vacated and the following trial schedule shall govern the case.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**CLAIMS AND DEFENSES —**

This case arises from a motor vehicle accident. In January 2018, Plaintiff Dragi Popovski and Defendant Justin Parker were driving westbound in the same lane on I-80. Defendant Parker, driving a freightliner, contemplated passing Plaintiff's vehicle but noticed another vehicle quickly approaching from behind in the passing lane. Defendant Parker initiated the lane change, which forced the approaching vehicle into the median. Defendant Parker then swerved to the right, struck Plaintiff Dragi Popovski's vehicle which caused the vehicle to travel into a borrow ditch and through a right-of-way fence. Plaintiff Dragi Popvoski was injured as a result.

Plaintiff Dragi and his wife, Zhana Popvoski, seek redress against Defendant Parker and his employer, Defendant Titan Transfer Inc., as well as Titan's sister company and owner of the freightliner, HEC Leasing LLC. Plaintiffs allege all three Defendants are directly liable for negligence and Defendants Titan and HEC are vicariously liable for Defendant Parker's negligence. Plaintiff Dragi Popvoski seeks to recover compensatory and punitive damages, and Zhana Popvoski seeks to recover for loss of consortium.

Defendant Parker admits he was acting within the course and scope of his employment at the time of the accident, but generally denies he caused the accident or was otherwise negligent. Defendant Titan admits vicarious liability for Defendant Parker, but similarly maintains Defendant

Parker was not negligent. Defendant HEC asserts it is not a proper party to the lawsuit because its only connection to the event is the leased vehicle.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The participating have engaged in self-executing and routine discovery.

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Word or WordPerfect format and emailed to wyojudgesws@wyd.uscourts.gov.

All proposed orders regarding non-dispositive motions should be submitted to Judge Rankin's chambers in a Word or WordPerfect format and emailed to wyojudgekhr@wyd.uscourts.gov.

**LISTING OF OTHER WITNESSES — August 6, 2021**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before August 6, 2021. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed or included in initial disclosures will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — July 9, 2021**

The discovery cutoff date is July 9, 2021. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date.

Plaintiffs also have until July 9, 2021, to depose Defendant's expert witness, to file any rebuttal expert testimony, and to file any Daubert motions regarding Defendant's expert.

**STIPULATIONS AS TO FACTS — October 26, 2021**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3

shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by October 26, 2021

**MOTIONS IN LIMINE —**

    **Filing Deadline – October 26, 2021**

    **Response Deadline – November 2, 2021**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than October 26, 2021. Responses shall be filed no later than November 2, 2021. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — November 10, 2021 at 1:00 p.m.**

A final pretrial conference in this matter has been scheduled before the Honorable Scott W. Skavdhal on November 10, 2021, at 1:00 p.m. in the Ewing T. Kerr Federal Building and U.S. Courthouse in Casper, Wyoming.

Before the conference, Counsel for represented parties all must agree upon, prepare, and sign a joint proposed final pretrial order prepared for Judge Skavdhal's signature in the format provided on the District Court Website under civil forms. This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Skavdhal's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. A copy of the proposed order must be delivered directly to Judge Skavdhal's chambers (but not filed) via e-mail to wyojudgesws@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

Witness and exhibit lists must be exchanged by the parties (but not filed) at least ten (10) days before the final pretrial conference. Exhibit lists must be attached to, and witness lists must

be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order.  The parties are not required to list rebuttal witnesses or impeachment exhibits.

Copies of all exhibits as to where there may be objections must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

**A. Marking of Exhibits:** All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.  In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

**B. Elimination of Duplicate.**  The parties should compare the exhibits and eliminate duplicates.  If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

**C. Copies for the Court.**  Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial.  The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

EXHIBIT LISTS — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED |
|---|---|---|---|---|---|---|

|  |  |  |  |  | (A)-(NA)* |
|---|---|---|---|---|---|
|  | (e.g. *****.pdf) |  |  |  |  |
|  | (e.g. *****.jpeg) |  |  |  |  |
|  |  |  |  |  |  |

\* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A.**  These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B.**  These exhibits are objected to on grounds other than foundation, identification, or authenticity.  This category should be used for objections such as hearsay or relevance.

**Category C.**  These exhibits are objected to on grounds of foundation, identification, or authenticity.  This category should not be used for other grounds, such as hearsay or relevance.  Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits.  Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

Any Counsel requiring authentication of an exhibit must so notify the offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

Any exhibit not listed on the exhibit lists is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court is implementing a new system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of seven (7) days prior to the start of trial.

All electronic evidence should be provided using the following formats:
- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

**JURY TRIAL — November 29, 2021**

A jury trial is set before the Honorable Kelly H. Rankin for on November 29, 2021, beginning at 9:00 a.m. in Casper, Wyoming, and is expected to last five (5) days. This case is stacked #2 on the Court's docket. U.S.D.C.L.R. 40.1(a).

The parties shall exchange and file proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial, subject to the

right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. The proposed jury instructions and special verdict forms shall also be submitted to Judge Skavdhal's chambers via email to wyojudgesws@wyd.uscourts.gov. The instructions must be formatted as a single document for Wordperfect or Word and shall include citations to authority.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

DATED this 30th day of April, 2021.

_____
Kelly H. Rankin
United States Magistrate Judge